IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00084-BNB

OLIVER GILLER,

    Applicant,

v.

RICHARD SMELSER, Warden, C.C.C.F., and
JOHN W. SUTHERS, Attorney General of the State of Colorado,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 2 1 2010

GREGORY C. LANGHAM
                 CLERK

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

Applicant, Oliver Giller, is a prisoner in the custody of the Colorado Department of Corrections at the Crowley County Correctional Facility in Olney Springs, Colorado. Mr. Giller has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction and sentence in Mesa County District Court case number 00CR1054.

The court must construe the application liberally because Mr. Giller is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Giller will be ordered to file an amended application if he wishes to pursue his claims in this action.

The court has reviewed the application and finds that it is deficient because Mr. Giller fails to provide a clear statement of the claims he is raising in this action. More

specifically, the factual basis for each of Mr. Giller's claims is not clear. For example, with respect to each claim that counsel was ineffective, Mr. Giller fails to allege clearly and specifically what counsel did or failed to do and how he was prejudiced by counsel's alleged ineffectiveness. Mr. Giller also appears to assert a claim that the trial judge was biased against him because she denied a postconviction motion but he fails to allege how the denial of the postconviction motion impacted his trial and conviction.

For these reasons, Mr. Giller will be ordered to file an amended application in which he clarifies the claims he is asserting and in which he provides specific factual allegations in support of each asserted claim. Mr. Giller is advised that § 2254 provides a remedy only for violations of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, Mr. Giller must "specify all [available] grounds for relief" and he must "state the facts supporting each ground." Furthermore, these habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. **See Mayle v. Felix**, 545 U.S. 644, 655 (2005). Naked allegations of constitutional violations are not cognizable under § 2254. **See Ruark v. Gunter**, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Accordingly, it is

ORDERED that Mr. Giller file **within thirty (30) days from the date of this order** an amended habeas corpus application that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Giller, together with a copy of this order, two copies of the following form: Application for a Writ of Habeas

Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that, if Mr. Giller fails within the time allowed to file an amended application as directed, the action will be dismissed without further notice.

DATED at Denver, Colorado, this 20th day of January, 2010.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00084-BNB

Oliver Giller
Prisoner No. 109839
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on 1/21/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk