IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00084-BNB

OLIVER H. GILLER,

Applicant,

v.

RICHARD SMELSER, Warden, C.C.C.F., and
JOHN W. SUTHERS, Attorney General of the State of Colorado,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 2 8 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant, Oliver H. Giller, is a prisoner in the custody of the Colorado Department of Corrections at the Crowley County Correctional Facility in Olney Springs, Colorado. Mr. Giller initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On February 24, 2010, Mr. Giller filed an amended application for a writ of habeas corpus. He is challenging the validity of his conviction and sentence in Mesa County District Court case number 00CR1054. As relief he asks that the conviction and sentence be vacated.

On February 25, 2010, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On March 12, 2010, Respondents filed their Pre-Answer Response. On

April 6, 2010, Mr. Giller filed a reply to the Pre-Answer Response.

The Court must construe the amended application and other papers filed by Mr. Giller liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

Mr. Giller was convicted by a jury of attempted sexual assault and menacing with a deadly weapon. He is serving a sentence of four years to life in prison for the attempted sexual assault and a concurrent one-year term for menacing. The judgment of conviction was affirmed on direct appeal. *See People v. Giller*, No. 01CA1611 (Colo. Ct. App. Dec. 31, 2003) (unpublished). Mr. Giller's direct appeal concluded on March 11, 2004, when the Colorado Court of Appeals issued its mandate.

On June 27, 2006, Mr. Giller filed in the trial court a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. The trial court denied the Rule 35(c) motion and that order was affirmed on appeal. *See People v. Giller*, No. 06CA1983 (Colo. Ct. App. May 29, 2008) (unpublished). On September 14, 2009, the Colorado Supreme Court denied Mr. Giller's petition for writ of certiorari in the state court postconviction proceedings.

The instant action was received for filing on January 15, 2010. Construing liberally the amended application filed on February 24, 2010, the Court finds that Mr. Giller is asserting one claim that the trial court was biased against him and nine claims

2

of ineffective assistance of counsel, although there is significant overlap among the various ineffective assistance of counsel claims.

Respondents argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d), which provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine the date on which Mr. Giller's conviction became final. Mr. Giller does not allege that he filed a petition for writ of certiorari with the Colorado Supreme Court on direct appeal and, according to Respondents, it does not appear that Mr. Giller sought certiorari review in the Colorado Supreme Court after his conviction was affirmed by the Colorado Court of Appeals on December 31, 2003. As noted above, Mr. Giller's direct appeal concluded when the Colorado Court of Appeals issued its mandate on March 11, 2004. Therefore, the Court finds that Mr. Giller's conviction became final on March 11, 2004, when his direct appeal concluded.

The Court also finds that the one-year limitation period began to run on March 11, 2004, because Mr. Giller does not allege he was prevented by unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he knew or could have discovered the factual predicate for his claims before his conviction became final. *See* 28 U.S.C. § 2244(d)(1)(B) - (D). Mr. Giller's argument that the one-year limitation period did not begin to run until the state court postconviction proceedings concluded in October 2009 is not supported by the plain language of § 2244(d)(1). Therefore, unless the one-year limitation period was tolled for some period of time, it expired on March 11, 2005, one year after Mr. Giller's conviction became final.

The next question the Court must answer is whether the postconviction Rule

35(c) motion Mr. Giller filed on June 27, 2006, tolled the one-year limitation period. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending. An application for postconviction review is properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a state court postconviction motion is pending for the purposes of § 2244(d)(2) is a matter of federal law. *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law." *Gibson*, 232 F.3d at 804.

Respondents argue, and the Court agrees, that the one-year limitation period

5

was not tolled pursuant to § 2244(d)(2) while the postconviction Rule 35(c) motion Mr. Giller filed on June 27, 2006, was pending because that motion was filed after the one-year limitation period already had expired on March 11, 2005. **See Clark v. Oklahoma**, 468 F.3d 711, 714 (10th Cir. 2006) (stating that state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period). The fact that the Rule 35(c) motion was timely under state law does not mean the motion automatically tolls the one-year limitation period under federal law. Therefore, the Court finds that this action is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. **See Miller v. Marr**, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling also may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. **See Gibson**, 232 F.3d at 808 (10th Cir. 2000). However, simple excusable neglect is not sufficient to support equitable tolling. **See id.** Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently and it is the inmate's burden to "allege with specificity 'the steps he took to diligently pursue his federal claims.'" **Yang v. Archuleta**, 525 F.3d 925, 930 (10th Cir. 2008) (quoting **Miller**, 141 F.3d at 978).

Mr. Giller fails to allege any facts that might justify equitable tolling of the one-

year limitation period and he fails to demonstrate that he has pursued his claims diligently. Therefore, the Court finds that equitable tolling is not appropriate and the action will be dismissed as barred by the one-year limitation period. Accordingly, it is

ORDERED that the habeas corpus application and the amended application are denied and the action is dismissed as barred by the one-year limitation period. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this 27th day of April, 2010.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00084-BNB

Oliver Giller
Prisoner No. 109839
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

Elizabeth Rohrbough
Senior Assistant Attorney General
**DELIVERED ELECTRONICALLY**

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 4/28/10

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk